## LIABILITY OF TRUSTEES OF CORPORATIONS NOT FOR PROFIT.

Common Pleas Court of Hamilton County.

THE GEORGE WIEDEMANN BREWING COMPANY V.
THEODORE REVERMAN ET AL.*

Decided, February 17, 1917.

*Corporations—Action for Indebtedness Against an Association Not for Profit—Does Not Bar Proceedings Against the Trustees Individually.*

1. The personal liability which attaches to trustees of corporations not for profit applies to debts incurred during their incumbency.
2. The procuring of judgment and issuing of execution against a corporation not for profit can not be pleaded as a bar to an action against the trustees on their individual liability arising under Section 8666, General Code.

*Dolle, Taylor, O'Donnell & Geisler,* for plaintiff.
*Hackett, Yeatman & Harris,* contra.

GEOGHEGAN, J.

This is an action brought against Theodore Reverman and four other defendants as trustees of the Spotless Town Club, a corporation not for profit, under the laws of Ohio, to recover from them the sum of $144.85 on account of merchandise sold and delivered.

It appears that the said Spotless Town Club was indebted to the plaintiff, and that the plaintiff recovered a judgment against said club, that a receiver was appointed for the club, and from the assets in the hands of the receiver, the plaintiff received a dividend of 8 per cent. on its claim, and that the defendants are entitled to a credit of $13.66 on the amount of the claim herein.

---

*Affirmed by the Court of Appeals, on this opinion, October 1, 1918.

It is conceded that during the time the defendants herein were trustees, the amount of the indebtedness sued on herein was contracted by them on behalf of the said Spotless Town Club, and the only question raised in this case is that raised by the first defense in the first amended answer of the defendant, Theodore Reverman, which in substance sets forth that the judgment obtained by the plaintiff against the Spotless Town Club for the whole amount of its claim against the club is a complete bar to the action sought to be maintained here.  As the facts were admitted at the trial, the matter was argued as if upon demurrer to the said first defense, it being conceded that if it were not a good defense then a judgment as sought for herein would lie.

This action is brought by virtue of Section 8666, General Code, which provides as follows:

"The trustees of a corporation created for a purpose other than profit shall be personally liable for all debts of the corporation by them contracted."

It would seem by a mere examination of this statute that one must necessarily reach the conclusion that this action herein is properly brought, and still, counsel for the defendant insists that the action can not be brought against these trustees alone, but must be brought against all the trustees who served at various periods during which the entire indebtedness was contracted; in other words, that all the trustees should be made parties to this action, whether they are liable for the portion of the debt that is sought to be collected by this action or not.  I can not agree with this contention.  The defendants herein are not liable except for that portion of the indebtedness contracted by them during the time they were trustees.  It is no concern of theirs who is liable for the balance of the indebtedness.  The statute makes them absolutely liable for the indebtedness created by them, and therefore, they can not complain as to what course is taken by the plaintiff with reference to the liability of trustees

who were such at other times and who may have contracted other portions of the obligation.

Nor, can it be said that the matter is *res adjudicata*. I am inclined to think that it might be a proper objection by trustees. who are sued under the provisions of Section 8666, General Code, that the corporate assets, if any, had not been exhausted before the liability under that section was sought to be enforced by them, and this position seems to be sustained by the district court of this county in the case of *Walbrecht* v. *Pucketat*, 9 W. L. B., 335, wherein Judge Avery, in discussing the liability of trustees under the provisions of Section 3261, R. S., now 8666, G. C., and distinguishing between the liability of stockholders and the liability of trustees, says:

"The reason upon which the liability of stockholders is held to be only secondary, is because of the language, as well of the Constitution itself, as of the statute carrying the constitutional provision into effect, that the liability shall be 'for the purpose of securing the creditors.' The difference, in imposing liability upon the trustees, is because of the difference between the two classes of corporations, those of this class having no capital stock; but the liability is, in our opinion, of the same nature, to be resorted to by creditors, only when the debt can not be made against the corporation itself. It may not be necessary that a judgment should be obtained and execution issued. That the debt can not be made out of the corporation may be shown in any way. But it is not sufficient to show merely an act of insolvency, or failure; because, notwithstanding a failure to meet obligations, property may remain."

While it can be seen from this decision that the court does not expressly pass upon the point that a judgment must first be obtained and execution issued, the court does, however, leave the matter in some doubt, and I am inclined to think that in cases of this kind as a matter of precaution a judgment should be obtained and execution issued. Whatever may be the correct rule as to this, it certainly can not be said that the securing of a judgment and the issuing of an execution thereon can in any way be said to completely adjudicate and bar the

claim against the trustees of the corporation, which exists under the provisions of Section 8666, General Code. Here, all the trustees who were liable for the debt sued on herein are made parties defendant. The former proceedings against the corporation are recited and the inability to satisfy the judgment out of the goods of the corporation, is set forth and the liability of these defendants, who alone are admittedly responsible for the contraction of the portion of the debt sued upon herein is set out. This is in conformity with the principle land down in *Horstman* v. *Rix*, 3 Ohio Decisions Reprint, 172.

Judgment should therefore be entered for the plaintiff for the amount of the claim in the petition less the credit allowed in the reply.